IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>BOBBIE ELAINE PARKER,<br><br>      Defendant. | 4:13-CR-3043<br><br>ORDER |

   This matter is before the Court on correspondence from the defendant (filing 58) that the Court has docketed as a motion for miscellaneous relief. Regrettably, that motion must be denied.

   The defendant's complaint is that because she has been sentenced in a Nebraska state case to a sentence to be served consecutively to her federal sentence, she is ineligible for drug treatment while in federal prison. Filing 58. She has evidently been informed by the Nebraska state sentencing court that it lacks jurisdiction to modify her sentence. Filing 58; *see State v. Clark*, 772 N.W.2d 559, 563 (Neb. 2009) (when a valid sentence has been put into execution, trial court cannot modify, amend, or revise it in any way).

   But this Court is also without authority to modify a judgment of conviction that includes a sentence of imprisonment, subject to limited exceptions not applicable here. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). And the Court may not, in any event, base a defendant's prison term on the defendant's rehabilitative needs. *See Tapia v. United States*, 131 S. Ct. 2382, 2390 (2011). When a court sentences a federal offender, the Bureau of Prisons has plenary control, subject to statutory constraints, over the treatment programs (if any) in which the defendant may participate. *Id.* A sentencing court can *recommend* that the BOP place an offender in a particular facility or program. *Id.* But decisionmaking authority rests with the Bureau of Prisons. *Id.* at 2391.

   In short, neither this Court nor the Nebraska state court is authorized to modify a validly-imposed sentence under these circumstances, and it is up to the Bureau of Prisons to decide whether the defendant may participate in drug treatment while she is in its custody. The Court recommended at sentencing that the defendant participate in drug treatment, filing 38 at 2, and that recommendation remains *strongly* in effect, but that recommendation is not binding. Accordingly, there is no relief that the Court

- 2 -

can grant if the Bureau of Prisons determines that the defendant is ineligible for treatment. The defendant's motion for such relief is denied.

    IT IS ORDERED:

1. The defendant's motion for miscellaneous relief (filing 58) is denied.

2. The Clerk of the Court shall send a copy of this order to the defendant at her last known address.

Dated this 6th day of October, 2015.

                                      BY THE COURT:

                                      John M. Gerrard
                                      United States District Judge